UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LANDRUM, | Case No. 1:26-cv-02802-KES-CDB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUESTS FOR SERVICE BY USMS AND FEE WAIVER, FOR AN ORDER SETTING HEARING, AND FOR AN ORDER TO WAIVE FORMAL SERVICE OF SUMMONS |
| v. | |
| KIM RUTLEDGE, *et al.*, | |
| Defendants. | (Docs. 11-14) |

**Relevant Background**

Plaintiff Terry Landrum ("Plaintiff") proceeding pro se, initiated this action with the filing of a complaint on April 13, 2026. (Doc. 1). On April 28, 2026, Plaintiff paid the filing fee and filed the operative first amended complaint ("FAC"), and a supplement thereto on May 8, 2026. (Docs. 4, 10).

On April 29, 2026, the Clerk of the Court issued summons for service upon all 14 Defendants named in Plaintiff's complaint: Kim Rutledge (Director of Department of Rehabilitation ("DOR")), Andrew Imparato (Chief Executive Officer, Disability Rights California ("DRC"), Client Assistance Program ("CAP")), Brian Winic (DOR Assistant Deputy Director), Connie Chu (CAP Managing Attorney), Maureen Mcintyre (DOR Regional Director), Mahalia Gotico (DOR District Administrator), Denise McKnight (DOR District Administrator), Maria Curiel (DOR Team Manager), Phillip Loving (DOR Team Manager), Michael Thomas (DOR

Consumer Ombudsman), Emefa Tsikata (DOR), Tommy Monreal (DOR Rehabilitation Counselor), Jennifer Troia (California Department of Social Services ("CDSS") Director), and Christin Miller (Presiding Judge, DSS, Scope of Benefits) (collectively, "Defendants"). (Docs. 6-9). That same day, the Court entered an order setting a mandatory scheduling conference for July 27, 2026. (Doc. 5). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint consistent with Fed. R. Civ. P. 4" and "promptly file proofs of service[.]" *Id.* at 1. The order further advised Plaintiff that failure to diligently prosecute this action and "to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id.*

Although Plaintiff has 90 days from the date of issuance of summonses within which to effect service of summons and complaint upon Defendants (*see* Fed. R. Civ. P. 4(m), to date, Plaintiff has not filed any proof of service and Defendants have not appeared in the action. *See* Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the [C]ourt. Except for service for a United States marshal or deputy marshal, proof must be by the server's affidavit.").

**Discussion**

Pending before the Court are Plaintiff's requests for service by the United States Marshals Service ("USMS") and fee waiver, for an order setting a hearing, and for order to waive formal service of summons. (Docs. 11-14). Plaintiff represents that "[b]oth agencies/employers" from the DOR and CDSS refused his requests for waiver of service that were sent on May 6, 2026, and seeks the Court direct service by USMS and for fee waiver because "these State agencies are intentionally complicating the process in violation of Rule 4[.]" (Doc. 11). Plaintiff asserts that since "electronic communication has been acknowledged by both DOR and CDSS, speaking on behalf of 12[] of the 14 defendants," Plaintiff is "requesting the Court [order] them to ensure all represented parties are notified [of] Rule 4 and [waive] existing Formal Service of Summons requirements." (Doc. 14 ¶ 4). Plaintiff argues that Defendants "[i]nsisting they be served in any manner other than electronically is inconsistent with the intent of Rule 4, specifically 'the duty to avoid unnecessary expenses related to the service of a summons'" and is "unnecessarily costly and difficult." *Id.* In the request for an order setting a hearing, Plaintiff seeks to address issues reflected in the FAC

2

including a request to appoint counsel, to order a comprehensive review of DOR decisions that cite regulations to verify the accuracy of those records, and to compel the United States Attorney to consider formal charges.  (Doc. 13).

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.  *See also* Fed. R. Civ. P. 4(i) (serving the United States and its agencies, corporations, officers, or employees).

Here, because Plaintiff has paid the filing fee to proceed in this action, Plaintiff is required to serve Defendants pursuant to Rule 4(m).  "Although [] pro se litigants [as Plaintiff] are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute 'good cause' for failing to timely effect service."  *Babatov v. Ford Motor Co.*, No. 2:23-cv-02538-DJC-JDP (PS), 2024 WL 1886573, at *1 (E.D. Cal. Apr. 30, 2024) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service")); *see* E.D. Cal. Local Rule 183(a) (""Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").  Accordingly, Plaintiff's complaints regarding Defendants' refusal to waive service do not excuse Plaintiff of the obligation under the Federal Rules and the Local Rules to timely effect service upon Defendants.  If Plaintiff needs additional time to effect service, Plaintiff may file a request to extend the time for service supported by good cause.  *See* Fed. R. Civ. P. 4(m).  Therefore, Plaintiff's requests for service by USMS and fee waiver or in the alternative for an order to waive formal service of summons is denied.

Separately, the Court addresses Plaintiff's request for the appointment of counsel. Unrepresented parties to a civil action do not have a constitutional right to appointed counsel in section 1983 actions.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

*grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, a merits-based determination largely is premature as no Defendant has appeared, the case has not been scheduled, and no discovery has commenced in this action. Therefore, this factor does not weigh in favor of appointment of counsel at this time.

Next, the Court must also evaluate Plaintiff's ability to articulate Plaintiff's claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. In this case, the Court notes that Plaintiff's filings, including the operative FAC and instant requests regarding service, reflect that Plaintiff is logical and articulate. (*See, e.g.*, Docs. 1, 4, 10-14); *see LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated plaintiff had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Further, neither the claims asserted nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential … the need for such discovery does not necessarily qualify the issues involved as 'complex'"). In short, the Court finds Plaintiff able to articulate his claims in light of their complexity.

To the extent Plaintiff relies upon pro se status to support the motion, those circumstances

do not qualify as exceptional circumstances warranting the appointment of counsel.  Indeed, Plaintiff has paid the filing fee and has had no trouble litigating in this action.  *See, e.g., Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at \*2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at \*3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at \*8 (E.D. Cal. Apr. 12, 2017) (same).

Further, the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance.  *See Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at \*2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at \*7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist.  Here, no exceptional circumstances exist warranting the appointment of counsel.  As such, Plaintiff's motion for appointment of counsel will be denied.

Lastly, Plaintiff's request for an order setting a hearing is premature.  After Defendants appear in this action and the pleadings have settled, the case will be set for a scheduling conference at which time the parties will discuss matters relevant to the scheduling of this case, such as dates and deadlines for discovery, pretrial, and trial.  Therefore, the request for a hearing is denied.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's request for service by USMS and fee waiver (Doc. 11) is DENIED;

2. Plaintiff's request for accommodation (Doc. 12) is DENIED;

3. Plaintiff's request for order setting hearing (Doc. 13) is DENIED;

4. Plaintiff's application for order to waive formal service of summons (Doc. 14) is DENIED.

IT IS SO ORDERED.

Dated:   **June 2, 2026**

_____
UNITED STATES MAGISTRATE JUDGE