UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TERRY LANDRUM,

Plaintiff,

v.

KIM RUTLEDGE, *et al.*,

Defendants.

Case No. 1:26-cv-02802-KES-CDB

ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE OF PROCESS UPON DEFENDANTS

ORDER GRANTING EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS

ORDER VACATING SCHEDULING CONFERENCE

(Docs. 16-18)

**Deadline: August 28, 2026**

**Relevant Background**

Plaintiff Terry Landrum ("Plaintiff") proceeding pro se, initiated this action with the filing of a complaint on April 13, 2026. (Doc. 1). The Court directed Plaintiff to file either an application to proceed in forma pauperis or to pay the filing fee. (Doc. 3). On April 28, 2026, Plaintiff paid the filing fee and filed the operative first amended complaint ("FAC"), and a supplement thereto on May 8, 2026. (Docs. 4, 10).

On April 29, 2026, the Clerk of the Court issued summons for service upon all 14 Defendants named in Plaintiff's complaint: Kim Rutledge (Director of Department of Rehabilitation ("DOR")), Andrew Imparato (Chief Executive Officer, Disability Rights California

("DRC"), Client Assistance Program ("CAP")), Brian Winic (DOR Assistant Deputy Director), Connie Chu (CAP Managing Attorney), Maureen Mcintyre (DOR Regional Director), Mahalia Gotico (DOR District Administrator), Denise McKnight (DOR District Administrator), Maria Curiel (DOR Team Manager), Phillip Loving (DOR Team Manager), Michael Thomas (DOR Consumer Ombudsman), Emefa Tsikata (DOR), Tommy Monreal (DOR Rehabilitation Counselor), Jennifer Troia (California Department of Social Services ("CDSS") Director), and Christin Miller (Presiding Judge, DSS, Scope of Benefits) (collectively, "Defendants"). (Docs. 6-9). That same day, the Court entered an order setting a mandatory scheduling conference for July 27, 2026. (Doc. 5). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint consistent with Fed. R. Civ. P. 4" and "promptly file proofs of service[.]" *Id.* at 1. The order further advised Plaintiff that failure to diligently prosecute this action and "to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id.*

Between May 13 and May 18, 2026, the Clerk of the Court docketed several filings on behalf of Plaintiff, including her requests for service by the United States Marshals Service ("USMS") and for order to waive formal service of summons. (Docs. 11-14). In those filings, Plaintiff represented that "[b]oth agencies/employers" from the DOR and CDSS refused his requests for waiver of service that were sent on May 6, 2026, and seeks the Court direct service by USMS and for fee waiver because "these State agencies are intentionally complicating the process in violation of Rule 4[.]" (Doc. 11). Plaintiff asserted that since "electronic communication has been acknowledged by both DOR and CDSS, speaking on behalf of 12[] of the 14 defendants," Plaintiff is "requesting the Court [order] them to ensure all represented parties are notified [of] Rule 4 and [waive] existing Formal Service of Summons requirements." (Doc. 14 ¶ 4). Plaintiff argued that Defendants "[i]nsisting they be served in any manner other than electronically is inconsistent with the intent of Rule 4, specifically 'the duty to avoid unnecessary expenses related to the service of a summons'" and is "unnecessarily costly and difficult." *Id.*

On June 3, 2026, the Court entered an order denying Plaintiff's requests. (Doc. 15). The Court noted that, because Plaintiff has paid the filing fee to proceed in this action, Plaintiff is

required to serve Defendants pursuant to Rule 4(m). "Although [] pro se litigants [as Plaintiff] are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute 'good cause' for failing to timely effect service." *Babatov v. Ford Motor Co.*, No. 2:23-cv-02538-DJC-JDP (PS), 2024 WL 1886573, at *1 (E.D. Cal. Apr. 30, 2024) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service")); *see* E.D. Cal. Local Rule 183(a) (""Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). The Court observed that Plaintiff's complaints regarding Defendants' refusal to waive service do not excuse Plaintiff of the obligation under the Federal Rules and the Local Rules to timely effect service upon Defendants. (Doc. 15 at 3).

**Discussion**

Since entry of the Court's order denying Plaintiff's request to either relieve Plaintiff of the requirement to serve Defendants or employ the U.S. Marshals Service to effect service, Plaintiff has filed summonses returned executed. *See* (Docs. 16-18). First, Plaintiff represents that Plaintiff served two state agency representatives (Defendants Imparato and Chu) by mailing process to "CT Corporation Systems." (Doc. 16). Next, Plaintiff represents that Plaintiff served ten individual state agency defendants by mailing process to "Jennifer Umberg, Attorney for DOR." (Doc. 17). Finally, Plaintiff represents that Plaintiff served two other state agency representatives (Defendants Troia and Miller) by mailing process to "California Department of Social Services." (Doc. 18).

Without additional information, the Court concludes that none of these methods of transmittal of summons and complaint constitutes effective service of process upon a defendant under Fed. R. Civ. P. 4. Rule 4 explains how to serve an individual who is located within a judicial district of the United States:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts

> of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(h) identifies methods of service upon a business entity. *See* Fed. R. Civ. P. 4(h). The Rule reads in part:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

First, Plaintiff's purported service attempts do not satisfy Rule 4(e)(2) because each of the service methods authorized by that Rule requires *delivery* of summons and complaint (i.e., not mailing). Further, as to Defendants Imparato and Chu, although it appears Plaintiff may have attempted to effect service by mailing summons and complaint to a registered agent for process ("CT Corporation Systems"), there is no basis to assume that CT Corporations Systems (the agent for service of process of these Defendants' employing corporation, according to public records) is "authorized by appointment or by law to receive service of process" for them. Indeed, according to records of the California Secretary of State, although CT Corporation Systems is the registered corporate agent for some of Disability Rights California's employees, neither Imparato nor Chu are identified.

Second, as to the state employee-Defendants, Rule 4(e) does not provide for service either

through mailing to an attorney of the employing agency or by mailing to agency itself (*see* Docs. 17, 18). As to individual defendants sued in their official capacity, Rule 4(e) provides only that service "may be made personally or *by leaving the summons and complaint with an authorized agent at the defendant's place of employment.*" *Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 344 (9th Cir. 1993) (emphasis added).

Nor, alternatively, does it appear than any of Plaintiff's service attempts comport with California state law. Although service by mail is a permissible form of service under California law, *see* Cal. Code Civ. P. § 415.30, and thus, Rule 4(e)(1) and 4(h)(1)(A), *see Barlow v. Ground*, 39 F.3d 231, 234-35 (9th Cir. 1994), service by mail is deemed effective when the required acknowledgment is returned by the defendant served. *See* Cal. Code Civ. P. § 415.30(c); *see also Barlow*, 39 F.3d at 234. Here, there is no indication that Plaintiff included the required acknowledgment and return postage with the copies of the mailed summons/complaint or that the acknowledgement was returned. (Docs. 16-18).

As Plaintiff previously was admonished (*see* Doc. 15 at 3), Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant. Here, although Plaintiff has 90 days from the date of issuance of summonses within which to effect service of summons and complaint upon Defendants (*see* Fed. R. Civ. P. 4(m)), to date, Plaintiff has not filed proofs of service that demonstrate effective service and Defendants have not appeared in the action. *See* Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the [C]ourt. Except for service for a United States marshal or deputy marshal, proof must be by the server's affidavit.").

Accordingly, the Court will extend the 90-day time period within which Plaintiff must effect proper service of process and file proof thereof. The Court also will vacate the scheduling conference to permit Plaintiff a final opportunity to complete service of summons and complaint upon all Defendants.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The time pursuant to Fed. R. Civ. P. 4(m) by which Plaintiff must complete service of summons and complaint upon all Defendants is extended to **August 28, 2026**; and
2. The scheduling conference set for July 27, 2026 (Doc. 5), is VACATED.

Any failure by Plaintiff to timely and properly serve summons and compliant consistent with Rule 4 may result in a recommendation that unserved defendants be dismissed without prejudice for failure to comply with a Court order and/or Rule 4(m).

IT IS SO ORDERED.

Dated: **July 13, 2026**

UNITED STATES MAGISTRATE JUDGE