UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LANDRUM,<br>Plaintiff,<br>v.<br>KIM RUTLEDGE, *et al.*,<br>Defendants. | Case No. 1:26-cv-02802-KES-CDB<br>ORDER DENYING PLAINTIFF'S RENEWED REQUEST FOR SERVICE BY USMS<br>(Docs. 15, 19, 20)<br>**Deadline: August 28, 2026** |

**Relevant Background**

Plaintiff Terry Landrum ("Plaintiff") proceeding pro se, initiated this action with the filing of a complaint on April 13, 2026. (Doc. 1). The Court directed Plaintiff to file either an application to proceed *in forma pauperis* or to pay the filing fee. (Doc. 3). On April 28, 2026, Plaintiff paid the filing fee and filed the operative first amended complaint ("FAC"), and a supplement thereto on May 8, 2026. (Docs. 4, 10).

On April 29, 2026, the Clerk of the Court issued summons for service upon all 14 Defendants named in Plaintiff's complaint. (Docs. 6-9). That same day, the Court entered an order setting a mandatory scheduling conference for July 27, 2026. (Doc. 5). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint consistent with Fed. R. Civ. P. 4" and "promptly file proofs of service[.]" *Id.* at 1. The order further advised Plaintiff that failure to diligently prosecute this action and "to timely serve the summons and complaint may result in the

imposition of sanctions, including the dismissal of unserved defendants." *Id*.

Between May 13 and May 18, 2026, the Clerk of the Court docketed several filings on behalf of Plaintiff, including his initial requests for service of process upon Defendants by the United States Marshals Service ("USMS") and for an order excusing him from effecting service of summons of complaint. (Docs. 11-14). In those filings, Plaintiff attested to having undertaken various attempts (all unsuccessful) to serve process upon Defendants. On June 3, 2026, the Court entered an order denying Plaintiff's requests to be relieved of his obligation to properly serve Defendants with summons and complaint. (Doc. 15). The Court noted that, because Plaintiff has paid the filing fee to proceed in this action, Plaintiff is required to serve Defendants pursuant to Rule 4(m). "Although [] pro se litigants [as Plaintiff] are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute 'good cause' for failing to timely effect service." *Babatov v. Ford Motor Co.*, No. 2:23-cv-02538-DJC-JDP (PS), 2024 WL 1886573, at *1 (E.D. Cal. Apr. 30, 2024) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty*., 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service")); *see* E.D. Cal. Local Rule 183(a) (""Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). The Court observed that Plaintiff's complaints regarding Defendants' refusal to waive service do not excuse Plaintiff of the obligation under the Federal Rules and the Local Rules to timely effect service upon Defendants. (Doc. 15 at 3).

On June 22, 2026, Plaintiff filed summonses returned executed as to each Defendant. (Docs. 16-18). However, on July 13, 2026, the Court entered an order finding that none of Plaintiff's methods of transmittal of summons and complaint as reflected in those filings constituted effective service of process upon a defendant under either Federal Rule of Civil Procedure 4 or California state law. (Doc. 19). In its order, the Court recited and described the various methods for serving process and granted Plaintiff a final extension of time (through August 28, 2026) to effect service of process upon Defendants. *Id.*

**Discussion**

Pending before the Court is Plaintiff's renewed request for service by USMS, filed on August 3, 2026. (Doc. 20). Plaintiff requests that Defendants be served by USMS at "whatever reasonable cost" to Plaintiff given that his requests for assistance regarding service of process on Defendants "have gone unanswered[.]" *Id.* at 1, 4. Plaintiff further represents that although he has been in regular communication with counsel for Defendants' affiliated agencies and employers, all have refused to waive service of process despite acknowledging receipt of copies of the complaint and summons. *Id.* at 3.

Notwithstanding Plaintiff's clarification of the circumstances regarding his challenges in effecting service on Defendants, Plaintiff's renewed request for an order of the Court directing the USMS to complete service of process on his behalf is denied for the same reasons explained in the Court's previous orders denying his initial request for service by the USMS (Doc. 15) and directing Plaintiff to effect service of process upon Defendants (Doc. 19), as summarized above. The Court acknowledges the difficulties a person (like Plaintiff) untrained or inexperienced in the practice of serving process could encounter in effecting service upon multiple defendants. However, as the party commencing this lawsuit, it remains Plaintiff's obligation to prosecute the case and to effect service of process consistent with Rule 4 and the Court's orders. Although the Court cannot grant Plaintiff's apparent request that the USMS effect service of process for him and that he be charged "reasonable cost" for such service (*see* Doc. 20), the Court commends to Plaintiff that other avenues exist to facilitate service of process, including employing a registered private process server to assist.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's renewed request for service by the United States Marshals Service (Doc. 20) is DENIED;
2. Plaintiff is reminded of his obligation pursuant to Fed. R. Civ. P. 4(m) to complete service of summons and complaint upon all Defendants no later **August 28, 2026** (*see* Doc. 19); and

3. Any failure by Plaintiff to timely and properly serve summons and complaint consistent with Rule 4 and the Court's prior orders may result in a recommendation that unserved defendants be dismissed without prejudice for failure to comply with a Court order and/or Rule 4(m).

IT IS SO ORDERED.

Dated: **August 10, 2026**

UNITED STATES MAGISTRATE JUDGE