UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TERRY LANDRUM,

Plaintiff,

v.

KIM RUTLEDGE, *et al.*,

Defendants.

Case No. 1:26-cv-02802-KES-CDB

ORDER RE: PLAINTIFF'S SERVICE OF PROCESS AND GRANTING FURTHER EXENSION OF TIME TO EFFECT SERVICE OF PROCESS ON REMAINING DEFENDANTS

(Docs. 15, 19, 20, 22, 24)

**Deadline: October 19, 2026**

ORDER DIRECTING PLAINTIFF TO FILE APPLICATIONS FOR DEFAULT FOR DEFENDANTS ANDREW IMPARATO AND CONNIE CHU

(Doc. 24)

**Deadline**: **October 5, 2026**

**<u>Relevant Background</u>**

Plaintiff Terry Landrum, proceeding pro se, initiated this action by filing a complaint on April 13, 2026. (Doc. 1). On April 28, 2026, Plaintiff paid the filing fee and filed the operative first amended complaint ("FAC"), and a supplement thereto on May 8, 2026. (Docs. 4, 10).

On April 29, 2026, the Clerk of the Court issued summons for service upon all 14 Defendants named in Plaintiff's FAC. (Docs. 6-9). That same day, the Court entered an order setting a mandatory scheduling conference for July 27, 2026. (Doc. 5). The Court's order directed

Plaintiff to "diligently pursue service of summons and complaint consistent with Fed. R. Civ. P. 4" and "promptly file proofs of service[.]" *Id.* at 1. The order further advised Plaintiff that failure to diligently prosecute this action and "to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id.*

Between May 13 and May 18, 2026, the Clerk of the Court docketed several filings on behalf of Plaintiff, including his initial requests for service of process upon Defendants by the United States Marshals Service ("USMS") and for an order excusing him from effecting service of summons and complaint. (Docs. 11-14). In those filings, Plaintiff attested to having undertaken various attempts (all unsuccessful) to serve process upon Defendants.

On June 3, 2026, the Court entered an order denying Plaintiff's requests to be relieved of his obligation to properly serve Defendants with summons and complaint. (Doc. 15). The Court noted that, because Plaintiff has paid the filing fee to proceed in this action, Plaintiff is required to serve Defendants pursuant to Rule 4(m). *Id.* at 3 (citing cases). The Court observed that Plaintiff's complaints regarding Defendants' refusal to waive service do not excuse Plaintiff of the obligation under the Federal Rules and the Local Rules to timely effect service upon Defendants. *Id.*

On June 22, 2026, Plaintiff filed summonses returned executed as to each Defendant. (Docs. 16-18). Following its review of those filings, on July 13, 2026, the Court entered an order finding that none of Plaintiff's methods of transmittal of summons and complaint constituted effective service of process upon a defendant under either Federal Rule of Civil Procedure 4 or California state law. (Doc. 19). In its order, the Court recited and described the various methods for serving process, granted Plaintiff a further extension of time (through August 28, 2026) to effect service of process upon Defendants, and vacated the scheduling conference set for July 27, 2026. *Id.*

On August 11, 2026, the Court denied Plaintiff's renewed request for service by USMS. (Doc. 22). The Court acknowledged Plaintiff's challenges in effecting service on Defendants but denied the renewed request for the same reasons explained in the Court's previous orders and commended that other avenues exist to facilitate service of process, including employing a registered private process server to assist. *Id.* at 3.

**Discussion**

Pending before the Court is Plaintiff's "Service of Process Update and Pleading" in which Plaintiff addresses service attempts on Defendants, dated August 27, 2026, and docketed on September 2, 2026. (Doc. 24). Therein, Plaintiff represents that on August 18, 2026, he hired a registered process server to personally serve the 14 Defendants named in his operative FAC, who are all employees of public entities including the California Department of Rehabilitation ("DOR"), the California Department of Social Services ("CDSS"), and Client Assistance Program ("CAP") of Disability Rights California ("DRC"). *Id.* at 1. Plaintiff represents that DOR and DSS, representing 12 of the named Defendants, have "created circumstances" that have made it "impossible" to personally serve these defendants at "their published and specified headquarters[.]" *Id.* Plaintiff requests the Court to address these "substantive issues or provide specific procedural guidance regarding how to move this process forward." *Id.* at 2.

Plaintiff attaches to his filing a copy of an email communication between him and CDSS, indicating that on June 17, 2026, CDSS acknowledged receipt of Plaintiff's June 2, 2026, attempt to serve process via email and that CDSS rejected the attempt as improper because "CDSS does not accept service … via email, only via personal service on our Department Headquarters or permissible Regional Office locations" or electronically if submitted through its online Service of Process Portal. *Id.* at 3-4. Plaintiff also attaches a copy of an email communication between him and Jennifer Umberg of DOR in which she characterizes Plaintiff's U.S. mail and email attempts at service as improper, directed Plaintiff to follow the Federal Rules of Civil Procedure for proper service, and provided the address for personal service of DOR. *Id.* at 5.

Also attached to Plaintiff's filing are 14 "Return of Service" documents from Plaintiff's private process server, Andrew Cornwell. *See id.* at 7-20. A review of the service filings reveals that Mr. Cornwell attempted to serve the summons and FAC on the ten DOR-affiliated individual Defendants at the DOR address Ms. Umberg provided (721 Capitol Mall, Sacramento, CA 95814) and that a department attorney reviewed the documentation, "stated that they are not authorized to accept service … on behalf of government employees, even if they are being sued in their official capacity," and that Mr. Cornwell was not authorized to access the office of the ten DOR-based

individual Defendants. *See id.* at 7-15, 20. Mr. Cornwell attempted service on CDSS-based Defendants Jennifer Troia and Christin Miller at CDSS by depositing legal documents in a mail drop box at the instruction of a front desk security guard.[1] *Id.* at 16, 17. Mr. Cornwell's filings indicate that personal service was effective on DRC/CAP individual Defendants Andrew Imparato and Connie Chu as he personally delivered the summons and FAC to Sonja Villarreal, an administrative clerk for DRC/CAP, who manifested "being authorized to accept service of process on behalf of [DRC/CAP]" and on behalf of both Mr. Imparato and Ms. Chu. *Id.* at 18, 19.

Here, the Court acknowledges Plaintiff's efforts to act consistent with the Court's orders regarding the need to timely complete service of process, including by employing a registered private process server, and his attempts to meet his obligation to prosecute the case and to complete service consistent with Fed. R. Civ. P. 4. However, Plaintiff has yet to successfully complete service of process upon 11 of the Defendants. The docket reflects that only one of the 14 Defendants named in the FAC (Jennifer Troia) has appeared in the action (through the filing of a motion to dismiss, *see* Doc. 26). The Court separately finds that Plaintiff's proofs of service plausibly reflect completed service upon the two DRC/CAP Defendants (Andrew Imparato and Connie Chu). Those two Defendants have defaulted in failing to timely respond to the FAC. The remaining CDSS-based Defendant (Christin Miller) and the ten DOR-affiliated Defendants do not appear to have been properly served by the August 28, 2026, deadline. Nevertheless, given Plaintiff's good faith efforts at attempted service as reflected in his filings, the Court finds good cause to grant a final extension of the deadline to effect service on the remaining Defendants to be served.

The Court offers the following guidance in addition to its previous order (*see* Doc. 19 at 3-5) to assist Plaintiff in effective service on the remaining 11 Defendants, all of whom are based at California state agencies (CDSS and DOR). As Plaintiff previously was admonished, Rule 4 governs service of an individual located within a judicial district of the United States:

> Unless federal law provides otherwise, an individual—other than a minor, an

[1] On September 10, 2026, Defendant Jennifer Troia, in her official capacity as Director of CDSS, appeared in the action and filed the pending motion to dismiss the FAC as against her. (Doc. 26).

> incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

As to individual defendants sued in their official capacity, Rule 4(e) provides only that service "may be made personally or *by leaving the summons and complaint with an authorized agent at the defendant's place of employment*." *Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 344 (9th Cir. 1993) (emphasis added).[2] Under California law, as relevant here, "[a] summons may be served on a public entity by delivering a copy of the summons and of the complaint to the *clerk, secretary, president, presiding officer, or other head of its governing body*." Cal. Civ. Proc. § 416.50(a).

Plaintiff asserts claims against numerous individual defendants employed/affiliated with state agencies only in their official capacity (*see* Doc. 4 at 4), which is akin to claims against the state agencies and the state that employs them. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity ... should be treated as suits against the State."); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (noting that official-capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent"); *see also Wagner v. City of South Pasadena*, 78 Cal. App. 4th 943, 950-51 (2000) (finding service ineffective

---

[2] The Court clarifies its earlier references to service under Cal. Civ. Proc. § 415.30 (Doc. 19 at 5) given that Plaintiff sues each individual defendant in their official capacity. Section 415.30 expressly provides that service under this statute "does not apply in an action against a governmental entity or an agent or employee of the governmental entity who has been sued in an official or individual capacity." Cal. Civ. Proc. § 413.30(b). Therefore, Plaintiff must effect service on the remaining public entity Defendants (DOR and CDSS) as explained in this order pursuant to Cal. Civ. Proc. § 413.50(a).

under § 416.50(a) where plaintiff attempted to serve an associate of an outside-retained law firm representing the city-defendant who was not shown to be an agent of the city for service of process).

Consistent with these authorities, Mr. Cornwell's attempt to serve individual DOR Defendants was ineffective under § 416.50(a) because the department attorney at DOR to whom he sought to deliver process does not appear to be an authorized individual to accept service on behalf of the agency or DOR employees under the statute. Likewise, the attempt at service on CDSS as to Defendant Christin Miller was ineffective for the same reasons for failing to deliver a copy of the summons and FAC to a proper individual identified in the statute.

Accordingly, Plaintiff must serve the remaining state agency Defendants (DOR and CDSS) by delivering a copy of the summons and FAC to an authorized clerk, secretary, president, presiding officer, or other agency head in compliance with § 416.50(a).

**Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff SHALL complete service of summons and complaint upon the remaining Defendants to be served pursuant to Fed. R. Civ. P. 4(m) and consistent with this order no later than **October 19, 2026**;
2. As Defendants Andrew Imparato and Connie Chu of the Disability Rights California ("DRC") and the Client Assistance Program ("CAP") appear to have been served properly (*see* Doc. 24 at 18-19) and have failed to timely respond to Plaintiff's first amended complaint (*see* Doc. 4), Plaintiff SHALL FILE no later than **October 5, 2026**, an application to the Clerk of the Court for entry of default as to Defendants Imparato and Chu;
3. **Within 30 days** of any entry of default by the Clerk of the Court, Plaintiff SHALL FILE AND SERVE upon defaulting Defendants Imparato and Chu a motion for default judgment; and
4. Any failure by Plaintiff to timely and properly serve summons and complaint upon the remaining Defendants to be served consistent with Rule 4 and the Court's prior orders and this order may result in a recommendation that unserved defendants be dismissed

without prejudice for failure to comply with a Court order and/or Rule 4(m).

IT IS SO ORDERED.

Dated: **September 18, 2026**

UNITED STATES MAGISTRATE JUDGE