UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TERRY LANDRUM,

Plaintiff,

v.

KIM RUTLEDGE, *et al.*,

Defendants.

Case No. 1:26-cv-02802-KES-CDB

ORDER GRANTING IN PART CERTAIN DEFENDANTS' *EX PARTE* APPLICATION EXTENDING TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

(Doc. 28)

**October 26, 2026, Deadline**

**Relevant Background**

Plaintiff Terry Landrum, proceeding pro se, initiated this action by filing a complaint on April 13, 2026. (Doc. 1). On April 28, 2026, Plaintiff paid the filing fee and filed the operative first amended complaint ("FAC"), and a supplement thereto on May 8, 2026. (Docs. 4, 10).

During the months that followed, Plaintiff made various attempts to effectuate service of process upon Defendants. *See* (Docs. 16-18). The Court largely found these attempts to be ineffective and granted Plaintiff additional time within which to complete service upon Defendants. *See* (Doc. 19). The Court also declined to direct the U.S. Marshals Service of undertake service on behalf of Plaintiff. (Doc. 22).

On September 21, 2026, the Court entered an order (the "Order") (1) regarding Plaintiff's service of process and granting a further extension of time to effect service of process on remaining

Defendants no later than October 19, 2026, and (2) directing Plaintiff to file applications for default as to Defendants Andrew Imparato and Connie Chu of Disability Rights California ("DRC") and the Client Assistance Program ("CAP") (hereinafter, "DRC Defendants"). (Doc. 27). In the Order, the Court found observed that DRC Defendants appear to have been served properly (*see* Doc. 24 at 18-19) and had failed to timely respond to Plaintiff's FAC. Accordingly, the Court directed Plaintiff to file no later than October 5, 2026, an application to the Clerk of the Court for entry of default as to DRC Defendants, and a motion for default judgement within 30 days of entry of defaults. *Id.* at 6.

**Discussion**

Pending before the Court is the ex parte application of DRC Defendants for an extension of time to respond to the FAC and for vacatur of paragraphs 2 and 3 of the Order directing Plaintiff to apply for entry of default as to the DRC Defendants and to move thereafter for default judgment against them. (Doc. 28). DRC Defendants assert that their extension request is made without waiving all defenses under Federal Rule of Civil Procedure 12(b), including for insufficient process and insufficient service of process, and that they intend to file a motion under 12(b) in response to the FAC. *Id.* at 2-3. Defendant Chu declares she found the Order on a public website on October 5, 2026, and Defendant Imparato learned of it from her that same day. *Id.*; *see* (Doc. 28-1, "Imparato Decl." ¶ 7); (Doc. 28-2, "Chu Decl." ¶¶ 4-6). DRC Defendants retained counsel the same day and filed the instant application. *Id.* at 3.

DRC Defendants assert that excusable neglect supports the requested extension to respond to the FAC because Plaintiff would suffer no prejudice given the case remains at the pleading stage, DRC Defendants moved promptly the same day they learned of the Order, and DRC Defendants did not respond because they believed in good faith that service had not been completed as to them. *Id.* Additionally, DRC Defendants argue default should not be entered as to them while they litigate the issue of service and other defenses by motion. *Id.* at 4. Lastly, DRC Defendants contend ex parte relief is warranted under Local Rule 144(c) given their counsel emailed Plaintiff and Plaintiff declined to discuss the request by telephone and has not responded to their email as of the date of the instant filing. *Id.*

Here, notwithstanding Plaintiff has failed to timely seek entry of default upon DRC Defendants as ordered (*see* Doc. 27 at 6), it remains the case that Plaintiff's proofs of service plausibly reflect effective service upon the two DRC Defendants such that they are in default by failing to timely respond to the FAC. (Doc. 27 at 4); *see* (Doc. 24 at 18-19). However, given DRC Defendants' representations, including as to their attempt to seek a stipulated agreement with Plaintiff for the requested relief, the Court finds that entry of default as to DRC Defendants may be held in abeyance pending their anticipated litigation of the effectiveness of Plaintiff's service of process upon them.

Accordingly, the Court will grant in part DRC Defendants' ex parte application to the extent of extending their time to respond to the FAC by motion under Federal Rule of Civil Procedure 12(b).

**Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED that:

1. The ex parte application of DRC Defendants Andrew Imparato and Connie Chu for an extension of time to respond *nunc pro tunc* to Plaintiff's first amended complaint (Doc. 28) is GRANTED in part;
2. DRC Defendants Andrew Imparato and Connie Chu SHALL FILE a response to Plaintiff's first amended complaint (Doc. 4) no later than **October 26, 2026**; and
3. The Clerk of the Court is DIRECTED to withhold entry of default (*see* Doc. 27 at 6) as to DRC Defendants Andrew Imparato and Connie Chu upon any application for such default filed by Plaintiff.

IT IS SO ORDERED.

Dated: **October 7, 2026**

UNITED STATES MAGISTRATE JUDGE