UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LANDRUM,<br><br>Plaintiff,<br><br>v.<br><br>KIM RUTLEDGE, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-02802-KES-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE LOCAL RULES<br><br>(Doc. 26)<br><br>**14-DAY DEADLINE** |

Plaintiff Terry Landrum, proceeding pro se, initiated this action by filing a complaint on April 13, 2026. (Doc. 1). On April 28, 2026, Plaintiff paid the filing fee and filed the operative first amended complaint ("FAC"), and a supplement thereto on May 8, 2026. (Docs. 4, 10).

On September 10, 2026, Defendant Jennifer Troia filed the pending motion to dismiss the FAC and served the motion upon Plaintiff. (Doc. 26). Plaintiff failed to timely file either an opposition or statement of non-opposition as required under the Local Rules (*i.e.*, by no later than September 28, 2026, *see infra*).

**Order to Show Cause**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in

the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, under Local Rule 230, Plaintiff was required to file within 14 days of Defendant's filing and service of the motion to dismiss either an opposition or statement of non-opposition to the motion – specifically, by no later than September 28, 2026 (14 days, *see* Local Rule 230(c), plus 3 days for service by mail, *see* Fed. R. Civ. P. 6(d), plus 1 day to account for a Sunday deadline, *see* Fed. R. Civ. P. 6(a)(1)(C)). Plaintiff has failed to file an opposition or statement of non-opposition to the pending motion, and the time to do so has now passed. Because Plaintiff's conduct violates Local Rule 230, the Court will order Plaintiff to show cause in writing why sanctions, up to and including a recommendation that Plaintiff's action be dismissed, should not be imposed.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff shall show cause in writing **within 14 days** of the date of service of this order why sanctions should not be imposed for his failure to comply with Local Rule 230. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to the pending motion to dismiss filed on September 10, 2026 (Doc. 26).
2. **Any failure by Plaintiff to timely respond to this Order may result in a recommendation that this action be dismissed for a failure to obey the Local Rules, failure to obey a court order, and failure to prosecute.**

IT IS SO ORDERED.

Dated: **October 14, 2026**

UNITED STATES MAGISTRATE JUDGE